WO    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

KAREN COSGROVE, a single person, )
 )
       Plaintiff, )
 )
vs. )
 )
NATIONAL FIRE & MARINE INSURANCE )
COMPANY, a foreign insurer, )
 ) No. 2:14-cv-2229-HRH
       Defendant. )
_____)

O R D E R

Motion for Reasonable Expenses

  Plaintiff moves[1] for an award of attorneys' fees incurred in connection with her motion to compel. This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

  This case arises out of remodeling work plaintiff Karen Cosgrove had done on her home by WTM Construction, which was insured by defendant National Fire & Marine

---

[1]Docket No. 135.

[2]Docket No. 136.

Insurance Company. Plaintiff alleged that the work done by WTM Construction was defective and sued WTM Construction and its owners (the Mitzels) in state court. Plaintiff settled her claims against WTM Construction and the Mitzels, and they assigned their claims against defendant to plaintiff pursuant to a Morris Agreement. In this action, plaintiff asserts a breach of contract claim and a bad faith claim against defendant.

Plaintiff brought a motion to compel production of defendant's communications with the Graif law firm, which served as defendant's "coverage counsel" in the state court action. Defendant asserted an attorney-client privilege as to these communications. The court found that defendant had impliedly waived the attorney-client privilege as to the Graif communications and thus granted plaintiff's motion to compel.[3] The court's implied waiver finding was based on State Farm Mutual Automobile Insurance Co. v. Lee, 13 P.3d 1169 (Ariz. 2000), which held that an implied waiver occurs if the party asserting the waiver makes an affirmative claim that its conduct is based on information it received from counsel. Defendant claimed that its conduct had been subjectively reasonable and based this claim "on a determination that there was an 80 percent chance of defeating the insured's claims based on policy exclusions in the WTM policy."[4] The court found that in making that determina-

---

[3] Docket No. 132.

[4] Id. at 11.

tion it was "more probable than not" that defendant's claims handler had relied on information she received from the Graif firm.[5]

Pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure, plaintiff now moves for an award of her attorneys' fees incurred in connection with her motion to compel.

## Discussion

Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless one of three exceptions applies. The three exceptions are if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Defendant argues that an award of fees would not be appropriate because its position as to the Graif communications was substantially justified.[6] "Substantial justification exists where the losing party shows that it raised an issue about which reasonable minds could

---

[5] Id. at 11-12.

[6] Defendant seems to suggest that the third exception also applies but defendant only argues that an award of fees is not warranted here because its position on the Graif communications was substantially justified.

genuinely differ on whether that party was bound to comply with the discovery rule." Lopez v. Mauisun Computer Systems, Inc., Case No. CV-12-00414-TUC-BPV, 2016 WL 524659, at *1 (D. Ariz. Feb. 10, 2016). Defendant argues that reasonable minds could have differed as to whether it had waived its attorney-client privilege as to its communications with the Graif firm. Defendant argues that, contrary to plaintiff's contention, the motion to compel did not involve a straightforward application of Lee as evidenced by the fact that plaintiff's motion was 8 pages long and had 12 exhibits attached, defendant's opposition brief was also 8 pages long, and the court's order was 13 pages long. Moreover, defendant argues that the application of Lee is never straightforward but rather involves the application of the Lee factors to the facts of a particular case. In short, defendant argues that this was not a straightforward discovery dispute but rather a complicated discovery dispute over whether the attorney-client privilege had been waived, which is never an issue to be taken lightly.

Although the Lee implied-waiver analysis is fact-specific and thus required a fairly lengthy recitation of the underlying facts of this case in the parties' briefing and the court's order, the application of Lee to the facts is, as plaintiff contends, fairly straightforward. The application of Lee to the facts of this case should have led defendant to the conclusion that it had put its communications with the Graif firm at issue. Defendant's position that it had not impliedly waived its privilege as to its communications with its coverage counsel was not substantially justified.

Because defendant's position was not substantially justified, plaintiff is entitled to recover the reasonable expenses she incurred in bringing the motion to compel. Plaintiff is represented in this matter by the firm of Lewis Roca Rothgerber Christie LLP and the Butler Law Firm. A partner and an associate at Lewis Roca did the bulk of the work on the motion to compel, expending a total of 16.1 hours.[7] The partner's work was billed at $350 per hour and the associate's work was billed at $275 per hour.[8] Mr. Hulsman, the Lewis Roca partner who worked on this matter, avers that these hourly rates "are at or below the typical rates charged by attorneys with similar experience and credentials in this kind of case."[9] A partner and an associate at The Butler Law Firm expended 3.2 hours on the motion to compel, with the partner's time being billed at $175 per hour and the associate's being billed at $145 per hour.[10] Everett Butler, the partner, avers that these rates are "quite reasonable, particularly when compared to the higher rates customarily charged by Phoenix-area firms for commercial litigation matters."[11]

---

[7] Declaration of Steven J. Hulsman at 3, ¶ 12 and Exhibit A thereto, Exhibit 1, Plaintiff's Motion for Reasonable Expenses re Motion to Compel, Docket No. 135.

[8] Id. at ¶¶ 8 & 10.

[9] Id. at ¶ 9.

[10] Affidavit of Everett S. Butler [etc.] at 2, ¶¶ 7-8 and Exhibit A thereto, Exhibit 2, Plaintiff's Motion for Reasonable Expenses re Motion to Compel, Docket No. 135.

[11] Id. at ¶ 7.

Defendant does not challenge the number of hours (19.3 total) that plaintiff's lawyers spent on the motion to compel nor does defendant challenge the rates charged. The court concludes that both the hours expended and the rates charged are reasonable.

## Conclusion

Plaintiff's motion for reasonable expenses[12] is granted. Plaintiff is awarded $5,953.50 in attorney's fees.

DATED at Anchorage, Alaska, this 8th day of November, 2016.

/s/ H. Russel Holland
United States District Judge

---

[12] Docket No. 135.