IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


KAREN COSGROVE, a single person,  )
                                  )
                    Plaintiff,    )
                                  )
  vs.                             )
                                  )
NATIONAL FIRE & MARINE INSURANCE  )
COMPANY, a foreign insurer,       )
                                  )       No. 2:14-cv-2229-HRH
                    Defendant.    )
_____)


O R D E R

Motion to Intervene

United Policyholders moves[1] to intervene in this case for the limited purposes of unsealing and reinstating the court's orders resolving cross-motions for partial summary judgment. This motion is opposed by defendant National Fire & Marine Insurance Company.[2] Oral argument was requested but is not deemed necessary.

Plaintiff Karen Cosgrove asserted breach of contract and bad faith claims against defendant. Plaintiff and defendant cross-moved for partial summary judgment, and at oral

---

[1]Docket No. 177.

[2]Docket No. 180.

argument on April 7, 2017, the court resolved the motions.³ On April 10, 2017, the court entered a written order in which it provided a detailed explanation of its oral rulings.⁴ On May 4, 2017, the parties formally notified the court that they had reached a settlement.⁵ As part of their settlement, the parties requested that the court vacate and seal its orders on the cross-motions for partial summary judgment (Docket Nos. 170 and 171).⁶ Defendant's attorney avers that the settlement agreement "was expressly conditioned on the vacating and sealing of" the partial summary judgment orders and that "[t]his was a material term of the Agreement...."⁷ On May 5, 2017, the court entered an order vacating and sealing the orders at Docket Nos. 170 and 171.⁸ On May 9, 2017, the parties filed a stipulation of dismissal,⁹ which the court granted on May 10, 2017, dismissing this case in its entirety, with prejudice.¹⁰

---

　　³Docket No. 170.

　　⁴Docket No. 171.

　　⁵Docket No. 173.

　　⁶Id. at 1.

　　⁷Declaration of Jay R. Graif [etc.] at 2, ¶ 5, Exhibit A, Defendant's Response to Motion to Intervene, Docket No. 180.

　　⁸Docket No. 174.

　　⁹Docket No. 175.

　　¹⁰Docket No. 176.

United Policyholders now moves to intervene for the limited purposes of filing a motion to unseal and reinstate the orders at Docket Nos. 170 and 171. "United Policyholders is a national non-profit 501(c)(3) consumer advocacy group" whose "mission is to help level the playing field between insurers and insureds by providing trustworthy and useful information and by being an effective voice for consumers of all types of insurance in all fifty states."[11]

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose), 187 F.3d 1096, 1100 (9th Cir. 1999).

> [T]here are three necessary prerequisites for allowing permissive intervention pursuant to Rule 24(b)(2): "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."

Id. (quoting League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997)). Defendant argues that United Policyholders cannot meet any of these three requirements.

United Policyholders cannot meet the first requirement because it cannot establish an independent ground for jurisdiction. United Policyholders also cannot meet the third requirement because it does not contend that it is a party to any litigation that shares common

---

[11]Declaration of Daniel Wade in Support of United Policyholders' Motion to Intervene at 1-2, ¶ 2, which is appended to Motion to Intervene, Docket No. 177.

questions of law or fact with this case. However, an "independent jurisdictional basis and strong nexus of fact or law are not required where [an] intervenor merely seeks to challenge a protective order." Id.

United Policyholders contends that its motion to intervene is similar to a motion to intervene to challenge or modify a protective order and thus it only has to show that its motion to intervene was timely. To determine whether an ancillary motion to intervene is timely, the court considers "1) the stage of the proceeding at which an applicant seeks to intervene; 2) the prejudice to other parties; and 3) the reason for and length of the delay." Empire Blue Cross and Blue Shield v. Janet Greeson's A Place For Us, Inc., 62 F.3d 1217, 1219 (9th Cir. 1995).

United Policyholders seeks to intervene in a case that has been dismissed with prejudice. This litigation is not just in the late stages, but has in fact been concluded.

Allowing United Policyholders to intervene in this case would be prejudicial to the parties. While allowing United Policyholders to intervene might not affect the outcome of this case, intervention could potentially affect a material term of the parties' settlement. United Policyholders wants to essentially un-do a settlement reached by the parties. As part of their settlement, the parties agreed that the partial summary judgment orders would be sealed and vacated. Whatever reason the parties had for reaching this agreement, they were entitled to make that agreement and a "potential prejudice to the parties is the possibility that

modification [of the court's partial summary judgment orders] would 'unravel' the original settlement." Id. at 1220.

As for the reason and length of delay, "[i]n measuring any delay in seeking intervention, the inquiry looks to when the intervenor first became aware that its interests would no longer be adequately protected by the parties." San Jose Mercury News, 187 F.3d at 1101. United Policyholders contends that it did not learn that the court had vacated and sealed the partial summary judgment orders until "more than a month" after the case was dismissed on May 10, 2017.[12] Presumably this means that United Policyholders knew about the court's May 2017 orders sometime in June 2017. The instant motion to intervene was filed approximately five months later, on November 3, 2017.

Ignoring for the moment that the parties had no duty to protect United Policyholders' public advocacy goals, there was no unreasonable delay here. "[D]elays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." Id. It was not unreasonable for United Policyholders to spend five to six months attempting to find pro bono counsel to assist it in this matter.

Although there was not an unreasonable delay here, United Policyholders' motion to intervene was untimely. Allowing United Policyholders to intervene in this case, which has

---

[12]Wade Declaration at 4, ¶ 8, which is appended to Motion to Intervene, Docket No. 177.

been dismissed pursuant to a settlement by the parties, would be prejudicial to the parties. Thus, United Policyholders' motion to intervene[13] is denied.

DATED at Anchorage, Alaska, this 18th day of January, 2018.

/s/ H. Russel Holland
United States District Judge

---

[13]Docket No. 177.