WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Karen Cosgrove, a single person, )
                                 )
                    Plaintiff,   )
                                 )
    vs.                          )
                                 )
National Fire & Marine Insurance )
Company, a foreign insurer,      )
                                 )    No. 2:14-cv-2229-HRH
                    Defendant.   )
_____)

O R D E R

Motion to Intervene[1]

On remand from the Ninth Circuit, the court considers United Policyholders' motion to intervene in this case for the limited purpose of seeking to unseal the court's orders resolving cross-motions for partial summary judgment. This motion is opposed by defendant National Fire & Marine Insurance Company.[2] Upon remand, the court called upon United Policyholders and National Fire to file supplemental briefing,[3] which has been timely filed.[4] Oral argument on the motion to intervene was requested but is not deemed necessary.

---

[1]Docket No. 177.

[2]Docket No. 180.

[3]Docket No. 189.

[4]Docket Nos. 190 and 191.

-1-

Plaintiff Karen Cosgrove asserted breach of contract and bad faith claims against defendant. Plaintiff and defendant cross-moved for partial summary judgment, and at oral argument on April 7, 2017, the court resolved the motions.[5] On April 10, 2017, the court entered a written order in which it provided a detailed explanation of its oral rulings.[6] On May 4, 2017, the parties formally notified the court that they had reached a settlement.[7] As part of their settlement, the parties requested that the court vacate and seal its orders on the cross-motions for partial summary judgment (Docket Nos. 170 and 171).[8] Defendant's attorney avers that the settlement agreement "was expressly conditioned on the vacating and sealing of" these orders and that "[t]his was a material term of the" Settlement Agreement.[9] On May 5, 2017, the court entered an order vacating and sealing the orders at Docket Nos. 170 and 171.[10] On May 9, 2017, the parties filed a stipulation of dismissal,[11] which the court granted on May 10, 2017, dismissing this case in its entirety with prejudice.[12]

---

[5] Docket No. 170.

[6] Docket No. 171.

[7] Docket No. 173.

[8] Id. at 1.

[9] Declaration of Jay R. Graif [etc.] at 2-3, ¶ 7, Exhibit A, Defendant National Fire & Marine Insurance Company's Supplemental Brief [etc.], Docket No. 191.

[10] Docket No. 174.

[11] Docket No. 175.

[12] Docket No. 176.

On November 3, 2017, United Policyholders moved to intervene for the limited purposes of unsealing and reinstating the court's orders resolving the cross-motions for partial summary judgment.[13] On January 18, 2018, the court denied United Policyholders' motion to intervene.[14] United Policyholders appealed. On May 6, 2019, the Ninth Circuit affirmed in part and vacated and remanded in part.[15] The Ninth Circuit affirmed this court's denial of United Policyholders' motion to intervene for the purpose of reinstating the vacated orders.[16] The Ninth Circuit, however, held that this court erred in denying United Policyholders' motion to intervene for the purpose of unsealing the vacated orders.[17] The Ninth Circuit instructed this court, on remand, to "balanc[e] the public interest with potential prejudice to the parties and the other factors to be considered in deciding a permissive intervention motion."[18]

In denying intervention, this court did not give separate consideration to United Policyholders' motion to intervene to file a motion to unseal. Having now done so, the court grants United Policyholders' motion to intervene to file a motion to unseal the orders at

---

[13] Docket No. 177.

[14] Docket No. 184.

[15] Memorandum at 5, attached to Mandate, Docket No. 188.

[16] Id. at 2.

[17] Id.

[18] Id. at 5.

Docket Nos. 170 and 171. National Fire's claims of prejudice cannot overcome the strong presumption in favor of public access to judicial decisions. Because the orders in question will remain vacated, there will be little to no prejudice to the parties if United Policyholders is permitted to intervene to file a motion to unseal.

The court will entertain United Policyholders' motion to unseal the orders at Docket Nos. 170 and 171. However, before filing said motion, United Policyholders will please consider that it and the general public already have access to the vacated and sealed written order on the cross-motions for partial summary judgment at Docket No. 171. The order at Docket No. 171 was put in the public domain upon filing with the clerk of court and can be found by doing a quick internet search using "Cosgrove" and "National Fire" as search terms. While the court promptly sealed the orders in CM/ECF after National Fire and Cosgrove reached their settlement, the parties apparently did not consider that the order at Docket No. 171 had already been put in the public domain.

Should United Policyholders decide to file a motion to unseal, that motion shall be filed on or before July 3, 2019.

DATED at Anchorage, Alaska, this 19th day of June, 2019.

/s/ H. Russel Holland
United States District Judge