WO                    IN THE UNITED STATES DISTRICT COURT

                           FOR THE DISTRICT OF ARIZONA

KAREN COSGROVE, a single person,        )
                                        )
                            Plaintiff,  )
                                        )
    vs.                                 )
                                        )
NATIONAL FIRE & MARINE INSURANCE        )
COMPANY, a foreign insurer,             )
                                        )        No. 2:14-cv-2229-HRH
                            Defendant.  )
_____)

# O R D E R

## Motion to Unseal

Intervenor United Policyholders moves to unseal the minute entry at Docket No. 170 and the order at Docket No. 171.[1] The motion to unseal is opposed.[2] Oral argument was requested but is not deemed necessary.

## Background

Plaintiff Karen Cosgrove asserted breach of contract and bad faith claims against defendant. Plaintiff and defendant cross-moved for partial summary judgment, and at oral

---

[1]Docket No. 194.

[2]Docket No. 197.

-1-

argument on April 7, 2017, the court resolved the motions.[3]  On April 10, 2017, the court entered a written order in which it provided a detailed explanation of its oral rulings.[4]  Both the minute entry at Docket No. 170 and the court's written order at Docket No. 171 were filed publically on the docket and the court's written order at Docket No. 171 was flagged as a "written decision" pursuant to the EGovernment Act of 2002, Pub. L. No. 107–347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)), so that it would be reported.

On May 4, 2017, the parties formally notified the court that they had reached a settlement.[5]  As part of their settlement, the parties requested that the court vacate and seal its orders on the cross-motions for partial summary judgment (Docket Nos. 170 and 171).[6]  Defendant's attorney avers that the settlement agreement "was expressly conditioned on the vacating and sealing of" the partial summary judgment orders and that "[t]his was a material term of the Agreement. . . ."[7]  On May 5, 2017, the court entered an order vacating and sealing

---

[3]Docket No. 170.

[4]Docket No. 171.

[5]Docket No. 173.

[6]Id. at 1.

[7]Declaration of Jay R. Graif [etc.] at 2-3, ¶ 7, Exhibit A, National Fire & Marine Insurance Company's Response to United Policyholders' Motion to Unseal, Docket No. 197.

the documents at Docket Nos. 170 and 171.[8] On May 9, 2017, the parties filed a stipulation of dismissal,[9] which the court granted on May 10, 2017, dismissing this case in its entirety, with prejudice.[10]

On November 3, 2017, United Policyholders moved to intervene for the limited purposes of unsealing and reinstating the court's orders resolving the cross-motions for partial summary judgment.[11] On January 18, 2018, the court denied United Policyholders' motion to intervene.[12] United Policyholders appealed. On May 6, 2019, the Ninth Circuit affirmed in part and vacated and remanded in part.[13] The Ninth Circuit affirmed this court's denial of United Policyholders' motion to intervene for the purpose of reinstating the vacated orders.[14] The Ninth Circuit, however, held that this court erred in denying United Policyholders' motion to intervene for the purpose of unsealing the vacated orders.[15] The Ninth Circuit instructed this

---

[8]Docket No. 174.

[9]Docket No. 175.

[10]Docket No. 176.

[11]Docket No. 177.

[12]Docket No. 184.

[13]Memorandum at 2, attached to Mandate, Docket No. 188.

[14]Id.

[15]Id.

court, on remand, to "balanc[e] the public interest with potential prejudice to the parties and the other factors to be considered in deciding a permissive intervention motion."[16]

On remand, this court granted United Policyholders' motion to intervene for the limited purpose of seeking to unseal the court's orders resolving the cross-motions for partial summary judgment.[17] Thereafter, United Policyholders timely filed its motion to unseal the minute entry at Docket No. 170 and the court's written order at Docket No. 171 (referred to herein collectively as the "subject documents").

### Discussion

"'It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.'" Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Nixon v. Warner Commnc'ns, Inc., 435 U.S. 589, 597 (1978)). But, "[t]he common law right of access . . . is not absolute and can be overridden given sufficiently compelling reasons for doing so." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). In deciding a motion to unseal, "[t]he judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006). "A failure to meet that burden means that the default posture of public access prevails." Id. "Examples" of compelling reasons to seal

---

[16]Id. at 5.

[17]Docket No. 193.

"include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" Center for Auto Safety, 809 F.3d at 1097 (quoting Nixon, 435 U.S. at 598–99).

United Policyholders and defendant agree that the subject documents do not contain libelous or scandalous information nor do they contain trade secrets. But, they disagree as to whether there are other compelling reasons for sealing the subject documents.

United Policyholders argues that the only reason defendant gave for sealing the subject documents was that it purchased the right to do so from plaintiff as part of the parties' settlement. But, United Policyholders argues that "[t]he right of access to court documents belongs to the public, and the [parties] were in no position to bargain that right away." San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose), 187 F.3d 1096, 1101 (9th Cir. 1999).

Defendant, however, argues that there are other compelling reasons for sealing the subject documents and that these reasons were explained to the court in an April 11, 2017 conference call. Defense counsel avers that during that conference call, he

> explained the reasons and need for the request to vacate and seal the rulings, including the impact the fact[s] found and legal principles adopted . . . may have on a third party involved in the underlying lawsuit who was referenced in the MPSJ rulings, including potential litigation for this third party.[18]

---

[18]Graif Declaration at 2, ¶ 6, Exhibit A, National Fire & Marine Insurance Company's
(continued...)

Defendant's suggestion that unsealing the subject documents could subject a third party to litigation appears to be nothing more than vague speculation. A party seeking to seal documents "must articulate[] compelling reasons supported by specific factual findings" and the court "must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Kamakana, 447 F.3d at 1178-79 (citations omitted). Defendant has failed to explain how unsealing the subject documents could result in civil litigation that otherwise could not have been brought against the third party. And, as United Policyholders points out, even if litigation could be brought against a third party as a result of unsealing the subject documents, the third party would be free to argue that the court's rulings on the cross-motions for partial summary judgment have been vacated. As such, there would be little, if any, prejudice to this unnamed third party if the subject documents were unsealed. Moreover, the "mere fact that the [unsealing of documents] may lead to a litigant's . . . exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179. The same would undoubtedly apply to third parties' exposure to litigation.

Defendant also argues that the parties will be prejudiced if the subject documents are unsealed. Defendant argues that unsealing the subject documents will unravel the parties' settlement and will "essentially change the outcome of this case. . . ."[19]

---

[18](...continued)
Response to United Policyholders' Motion to Unseal, Docket No. 197.

[19]National Fire & Marine Insurance Company's Response to United Policyholders' Motion to Unseal at 6, Docket No. 197.

Unsealing the subject documents will not change the outcome of this case. The parties settled and the case is closed. Nothing can change that at this point. And, unsealing the subject documents will not unravel the parties' settlement, given that the court's rulings on the cross-motions for partial summary judgment remain vacated.

Defendant also argues that there is no reason to unseal the documents because as the court has previously pointed out, the court's written order is already in the public domain. In other words, defendant argues that because United Policyholders (and the general public) already have access to the court's written order, United Policyholders cannot claim that it would be prejudiced if the subject documents were to remain sealed.

While United Policyholders acknowledges that the court's written order can be found on unofficial third-party web sites, United Policyholders argues that there are still three reasons to unseal the subject documents. First, United Policyholders argues that the order would only be available to someone if she or he knew the name of this case, that it would not be available to someone searching relevant legal or factual terms in a database such as Westlaw or Lexis. Because United Policyholders contends that "a vacated opinion still carries informational and perhaps even persuasive or precedential value[,]" DHX, Inc. v. Allianz AGF MAT, Ltd., 425 F.3d 1169, 1176 (9th Cir. 2005) (Beezer, J., concurring), United Policyholders argues that legal practitioners should be able to easily search for the order.

Secondly, United Policyholders contends that persons who might refer to the court's written order as it appears on an unofficial third-party website could not be sure that the copy

is accurate. United Policyholders contends that unsealing the subject documents will ensure that the public has access to accurate copies of court documents.

Thirdly, United Policyholders contends that an attorney could violate ethical rules if he or she were to cite to the sealed order even though it was accessible on an unofficial web site. United Policyholders argues that an attorney would thus not be able to cite to the court's written order as persuasive authority.

The court doubts that many practitioners would choose to cite to a vacated order. Nonetheless, the fact remains that the court's written decision on the cross-motions for partial summary judgment is already in the public domain and courts should not grant motions to seal when sealing "would be pointless." Victory Sports & Entertainment, LLC v. Pedraza, Case No. 2:19-cv-00826-APG-NJK, 2019 WL 2578767, at *3 (D. Nev. June 24, 2019). Keeping the subject documents sealed at this point would be pointless.

## Conclusion

United Policyholders' motion to unseal[20] is granted. The minute entry at Docket No. 170 and the court's written decision at Docket No. 171 shall be unsealed. The court's rulings in the minute entry at Docket No. 170 remain vacated as does the court's written decision at Docket No. 171.

DATED at Anchorage, Alaska, this 20th day of August, 2019.

/s/ H. Russel Holland
United States District Judge

---

[20]Docket No. 194.